

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PAMELA SMITH,

    Plaintiff,

v.

CIVIL ACTION No. 2:21-cv-138

SCHOOL BOARD FOR THE CITY
OF NORFOLK, VIRGINIA,
DANDRIDGE T. BILLUPS,
DR. DANIELLE BELTON,
EDNA FELTON, and
JOHNAY BROWN,

    Defendants.

### *MEMORANDUM ORDER*

Before the Court is Plaintiff Pamela Smith's ("Plaintiff") and Defendants School Board for the City of Norfolk, Virginia, Dandridge T. Billups, Dr. Danielle Belton, Edna Felton, and Johnay Brown's ("Defendants") (collectively, "Parties") Joint Motion to Stay. Parties' Joint Mot. Stay, ECF No. 41 ("Parties' Mot."). The Parties also filed a joint memorandum in support. Parties' Joint Mem. Supp. Joint Mot. Stay, ECF No. 42 ("Parties' Mem. Supp."). Accordingly, this matter is ripe for judicial determination. Upon review, the Court finds that a hearing on this Motion is not necessary. *See* E.D. VA. LOCAL CIV. R. 7(J).

The Parties move the Court to stay this matter and all correlating deadlines to allow for the full resolution of any criminal case filed against Plaintiff involving the same facts in controversy. Parties' Mot. at 1. As part of her Amended Complaint, Plaintiff alleges Defendants falsely accused her of embezzlement, which led to her termination as an employee at Norfolk Public Schools. Parties' Mem. Supp. at 2. On January 20, 2022, Plaintiff filed a Motion for Leave to Supplement the Amended Complaint, requesting to add another count against

1

Defendants in light of incidents that occurred after Plaintiff filed her first Amended Complaint. Pl.'s Mot. Leave Suppl. Am. Compl., ECF No. 34; *see also* Pl.'s Mem. Supp. Mot. Leave Suppl. Am. Compl., ECF No. 35. In support, Plaintiff argued that Defendants "initiated a criminal charge with the Norfolk Police Department against the Plaintiff on March 23, 2021, 8 days after Plaintiff [initially] filed suit." Pl.'s Mem. Supp. Mot. Leave Suppl. Am. Compl. at 2. Although Plaintiff filed her Amended Complaint on May 14, 2021, she states she was not made aware of the charges until June 14, 2021. *Id.* at 2-3. The Court recently granted that motion. Mem. Order Grant'g Pl.'s Mot. Leave Suppl. Am. Compl., ECF No. 44 ("Mem. Order").

In support of the instant Motion, the Parties advise the Court that the Virginia Commonwealth's Attorney's Office has indicated its intent to bring an indictment against Plaintiff for criminal embezzlement charges in the near future. Parties' Mem. Supp. at 2. The Parties argue that, if forced to proceed with this civil case, they would be incapable of participating in meaningful discovery. *Id.* Indeed, Plaintiff advises she has already pled the Fifth Amendment in response to Defendants' written discovery and intends to do so in response to many questions Defendants will ask her during her deposition. *Id.* at 2-3. They also argue that the disposition of the criminal charges will impact how Plaintiff will thereafter proceed with the instant civil matter. *Id.* at 3.

The Court finds the Parties have adequately alleged facts and circumstances indicating that the parallel civil and criminal matters are sufficiently related, and that the *Keating* factors are satisfied.[1] *See id.* at 4-6; *see also Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324-25 (9th

---

[1] In *Keating*, the Ninth Circuit set out various factors a court should consider in deciding whether to stay civil proceedings in the face of a parallel criminal proceeding. 45 F.3d at 324. Overall, a court "should consider the extent to which the defendant's fifth amendment rights are implicated." *Id.* (internal citation and quotation omitted). Specifically, the court "should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously . . . and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its

Cir. 1995). The Court will therefore stay all proceedings. However, the Court advises the Parties that this stay is not indefinite; rather, it depends upon the expeditiousness of the criminal proceedings.

For the foregoing reasons, the Parties' Joint Motion to Stay is **GRANTED**. This case is hereby **STAYED** pending the expeditious resolution of the criminal charges against Plaintiff.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
April  , 2022

/s/
Raymond A. Jackson
United States District Judge

---

cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324-25.

3